[Cite as *State v. Arrington*, 2026-Ohio-2810.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case Nos. 2025CA00092 & 2025CA00093 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2025-CR-0392 |
| ELIJAH ARRINGTON | Judgment: Vacated and Remanded |
| Defendant - Appellant | Date of Judgment Entry: July 21, 2026 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** Kyle L. Stone, Stark County Prosecuting Attorney, Vicki L. DeSantis, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Faith M.R. Edwards, Office of the Ohio Public Defender, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1}    Defendant-appellant Elijah Arrington appeals the May 12, 2025 Judgment Entry entered by the Stark County Court of Common Pleas, which convicted him of one count of felonious assault after he entered a guilty plea to the same and sentenced him to an indefinite minimum prison term of 7 years to a maximum prison term of 10 ½ years.  Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2}   On August 29, 2024, a complaint was filed in the Stark County Court of Common Pleas, Juvenile Division, alleging Appellant appeared to be a delinquent child for committing acts which constitute the offense of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree if committed by an adult.  The complaint was filed after then 17-year old Appellant assaulted a female corrections officer at the Ohio Department of Youth Services ("DYS"), Indian River Juvenile Correction Facility ("Indian River"), in Massillon, Stark County, Ohio.  The State filed a motion to transfer jurisdiction to the adult criminal division pursuant to R.C. 2152.10(B) and 2151.12(B) on October 3, 2024.

{¶3}   The juvenile court conducted a probable cause hearing on December 18, 2024. After discussion with his counsel and his Guardian ad Litem, Appellant waived his rights and stipulated to a finding of probable cause. The juvenile court found probable cause Appellant committed felonious assault and the commission of that offense would constitute a felony of the second degree if committed by an adult.  The juvenile court ordered Appellant to undergo a psychological evaluation for purposes of the amenability hearing.

{¶4}   The juvenile court held an amenability hearing on February 19, 2025.  Dr. Aimee Thomas with Lighthouse Family Center, who completed the psychological evaluation of Appellant, testified regarding Appellant's history of delinquent activity, repeated removal from his home, early and ongoing drug abuse, gang involvement, and mental health issues. Based upon her interview with Appellant, the results of his psychological testing, and her review of collateral information, Dr. Thomas concluded Appellant was not amenable to the juvenile justice system.

{¶5} The juvenile court issued Findings of Fact and Conclusions of Law on February 25, 2025. Therein, the juvenile court found Appellant was not amenable to care or rehabilitation within a juvenile facility and "community safety may require restraint that possibly exceeds beyond [Appellant's] obtaining the age of 21." February 25, 2025 Findings of Fact and Conclusions of Law, p. 7, unpaginated. The juvenile court further found there were no relevant factors weighing against transfer. The juvenile court granted the State's motion to transfer and ordered Appellant's case be transferred to the General Division of the Stark County Court of Common Pleas.

{¶6} On March 20, 2025, the Stark County Grand Jury indicted Appellant on one count of felonious assault, in violation of R.C. 2903.11(A)(1)(D)(1)(a), a felony of the second degree. Appellant was transferred from Indian River to the Stark County Jail for the pendency of the case. At his arraignment on March 28, 2025, Appellant entered a plea of not guilty to the Indictment.

{¶7} On April 28, 2025, Appellant advised the trial court he wished to withdraw his former plea of not guilty and enter a plea of guilty to the charged offense. Following a Crim. R. 11 colloquy, the trial court accepted Appellant's plea and convicted him of one count of felonious assault. The trial court immediately proceeded to sentencing. The trial court ordered Appellant serve an indefinite minimum prison term of 7 years to a maximum prison term of 10 ½ years. The trial court memorialized Appellant's conviction and sentence via Judgment Entry filed May 12, 2025.

{¶8} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. ELIJAH ARRINGTON'S ADULT PRISON SENTENCE IS UNAUTHORIZED BY AND CONTRARY TO LAW BECAUSE THE TRIAL COURT PLAINLY FAILED TO COMPLY WITH THE MANDATORY SENTENCING PROVISIONS OF R.C. 2929.19(B)(1)(b), WHICH NOW REQUIRE TRIAL COURTS TO CONSIDER A CHILD'S YOUTH AND ALL OF ITS ATTENDANT CHARACTERISTICS BEFORE SENTENCING THEM TO ADULT PRISON. OHIO CONST. ART. I, § 9; CRIM.R. 52; R.C. 2929.19(B)(1)(b); R.C. 2953.08(A)(4),(G); *STATE V. PATRICK*, 2020-OHIO-6803. (A-1, 5.12.2025 JUDGMENT ENTRY).

II. ELIJAH WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO INTRODUCE ANY MITIGATING YOUTH FACTORS AT THE SENTENCING HEARING. CRIM.R. 52; R.C. 2929.19(B)(1)(b); U.S. CONST. AMEND. VI AND XIV (4/28/25 T. P. 9-13; 2/3/25 EVAL.)

I

{¶9} In his first assignment of error, Appellant contends his sentence is contrary to law because the trial court failed to consider, prior to sentencing him to adult prison, the statutory mitigating youth factors set forth in R.C. 2929.19(B)(1)(b).

{¶10} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶¶ 1, 21. "A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written

statements and presentence investigation reports." *State v. Spears*, 2023-Ohio-187, ¶ 35 (5th Dist.), citing R.C. 2953.08(F)(1) through (4). Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a felony sentence if the court clearly and convincingly finds either the record does not support the sentencing court's findings, or the sentence is otherwise contrary to law.

{¶11} R.C. 2929.19(B)(1)(b) requires the trial court to consider additional mitigating factors when, as here, the offender was under the age of 18 at the time the subject offense was committed and provides, in relevant part:

> (B)(1) At the sentencing hearing, the court, before imposing sentence, shall do all of the following:
>
> * * *
>
> (b) If the offense was committed when the offender was under eighteen years of age, in addition to other factors considered, consider youth and its characteristics as mitigating factors, including:
>
> (i) The chronological age of the offender at the time of the offense and that age's hallmark features, including intellectual capacity, immaturity, impetuosity, and a failure to appreciate risks and consequences;
>
> (ii) The family and home environment of the offender at the time of the offense, the offender's inability to control the offender's surroundings, a history of trauma regarding the offender, and the offender's school and special education history;

(iii) The circumstances of the offense, including the extent of the offender's participation in the conduct and the way familial and peer pressures may have impacted the offender's conduct;

(iv) Whether the offender might have been charged and convicted of a lesser offense if not for the incompetencies associated with youth, such as the offender's inability to deal with police officers and prosecutors during the offender's interrogation or possible plea agreement or the offender's inability to assist the offender's own attorney;

(v) Examples of the offender's rehabilitation, including any subsequent growth or increase in maturity during confinement.

R.C. 2929.19(B)(1)(b).

{¶12} In *State v. Spears*, 2023-Ohio-187 (5th Dist.), this Court had its first opportunity to consider the application of R.C. 2929.19(B)(1)(b). Having found no cases directly on point, we determined "[t]he mandate of R.C. 2929.19, that the trial court consider specific factors, is sufficiently similar to the language of R.C. 2929.11 and R.C. 2929.12 to warrant to the same analysis." *Id*. at ¶ 40. We held, "[c]onsequently, while the trial court need not specify findings regarding the factors listed in R.C. 2929.19(B)(1)(b), we must review the record to determine whether it affirmatively shows the court failed to consider those factors." *Id*.

{¶13} Upon review of the Plea & Sentencing Hearing, we find only a few statements were made which minimally touched upon the mitigating factors set forth in R.C. 2929.19(B)(1)(b). We note these statements were not made by the trial court.

{¶14}   Prior to accepting Appellant's plea, the trial court inquired about Appellant's age, and he replied, "18." Transcript of Plea & Sentencing at p. 9.  Defense counsel made the following remarks:

> [Appellant] is – just turned 18 on March 20th of this year.  He is in DYS or has been in DYS based on a case that he had through the juvenile court system.
>
> He's had a number of emotional issues, struggling to deal with trauma he's gone through, and I know that he's acting out, he's acting out of pain, and certainly it's not helping him to heal in this way and he's learning that, Your Honor.
>
> I'd ask the Court to take his – view things in consideration of all these.
>
> * * *
>
> *Id.* at p. 10.

{¶15}   Appellant advised the court he "would like to be home with my mother as soon as possible," explaining "[t]he doctor gave [her] nine to six months to live due to breast cancer spreading through her body." *Id.* at p. 11.

> THE COURT: Okay.  *I've reviewed the parameters outlined [in] 2929.11 through 17 of the Revised Code, including the seriousness of the offense and the recidivism factors.*
>
> * * *
>
> But, Mr. Arrington, we need to talk about your actions, * * *

You're in Indian River for a reason. You're there because of your behavior. What took place on this day is one of the most appalling and violent things that I've seen to somebody who's trying to work there at Indian River, which is a very difficult place to work. Because of your actions, she suffered a concussion, a broken jaw, sprained left hip, two tears in her left shoulder requiring surgery, painful therapy for the shoulder, was on a soft liquid diet for two to three months 'cause of the jaw broken, has been off work.

I mean, this is totally unacceptable, and I keep seeing this and seeing this out at Indian River, and at this point a message needs to be sent, and I'm going to be the one who sends that message.

On Count 1, felonious assault, you're going to be sentenced to seven years in prison as the minimum. The maximum is ten and a half years.

(Emphasis added.) *Id*. at pp. 11-12.

**{¶16}** In its May 12, 2025 Judgment Entry, the trial court stated:

The Court has considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12. * * *

For reasons stated on the record, and after consideration of the factors under R.C. 2929.12, the Court also finds that prison is consistent with the

purposes of Revised Code section 2929.11 and the defendant is not amenable to an available community control sanction.

*Id.* at pp. 2-3, unpaginated.

{¶17} "On a silent record, a trial court is presumed to have considered the statutory purposes and principles of sentencing, and the statutory seriousness and recidivism factors." *State v. Goldblum*, 2014-Ohio-5068, ¶ 50. Here, the record was not silent. The trial court, at the sentencing hearing and in its sentencing entry, expressly stated it considered the purposes and principles of felony sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors set forth in R.C. 2929.12. However, the trial court did not make any mention of R.C. 2929.19(B)(1)(b) at the sentencing hearing or in its sentencing entry. Because the trial court expressly stated its consideration of R.C. 2929.11 and R.C. 2929.12, we cannot presume from its silence relative to R.C. 2929.19(B)(1)(b) the trial court considered those statutory factors.

{¶18} Accordingly, we find the record does not affirmatively demonstrate the trial court considered the youth-mitigating factors required by R.C. 2929.19(B)(1)(b). We find the trial court's failure to consider the factors set forth in R.C. 2929.19(B)(1)(b) renders Appellant's sentence clearly and convincingly contrary to law. As such, we vacate Appellant's sentence and remand the matter to the trial court for resentencing.[1]

{¶19} Appellant's first assignment of error is sustained.

---

[1] Our decision to vacate and remand for resentencing should not be interpreted as an opinion regarding the appropriateness of the trial court's pronounced sentence.

II

{¶20} In his second assignment of error, Appellant claims he was denied the effective assistance of counsel because counsel failed to present any evidence of the youth-mitigating factors.

{¶21} In light of our disposition of Appellant's first assignment of error, we find Appellant's second assignment of error to be moot.

{¶22} The judgment of the Stark County Court of Common Pleas is reversed. The sentence imposed by the trial court is vacated and the matter remanded for resentencing after further consideration of the factors set forth in R.C. 2929.19(B)(1)(b).

{¶23} Costs waived.


By: Hoffman, P.J.

Montgomery, J. and

Popham, J. concur.